UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br>**KERRY ELIZABETH LLOYD**<br><br>**Debtor** | **CASE NUMBER: 24-10848-AMC**<br>**CHAPTER 13** |
| **KERRY ELIZABETH LLOYD**<br>         Plaintiff<br><br>     vs.<br><br>**SALLIE MAE BANK, and**<br>**COLLEGE AVENUE, LLC**<br><br>     **Defendants** | **ADV. PRO. CASE NO:** |

**Debtor's Complaint to Determine Private Student Loans
Dischargeable For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

**Nature of Action**

1. This is an adversary proceeding by which the Debtor seeks a declaration that private student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On March 13, 2024, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

6. Plaintiff, Kerry Elizabeth Lloyd, is the Debtor in the above captioned case. She is the recipient of private student loans and is a resident of Drexel Hill, Pennsylvania.

7. Defendant Sallie Mae Bank, Inc. is a private student loan lender headquartered in Newark, Delaware and is the holder of some loans at issue.

8. Defendant College Avenue, LLC is a Delaware Limited Liability Company and holder of some private student loans at issue.

## Factual Allegations Related to Sallie Mae

9. Sallie Mae holds loans with a balance in excess of $81,000.

10. Prior to filing of bankruptcy, the minimum payments to Sallie Mae were in excess of $800 a month.

11. The loans have a variable interest rate currently at 12%.

12. Sallie Mae does not offer any of the programs available that Federal loans have, such as payments based on income, eventual forgiveness, disability discharge, or death discharge.

## Factual Allegations Related to College Ave

13. College Ave holds loans with a balance in excess of $85,000.

14. Prior to filing of bankruptcy, the minimum payments to College Ave were in excess of $800 a month.

15. The loans have a variable interest rate currently at 12%.

16. College Ave does not offer any of the programs available that Federal loans have, such as payments based on income, eventual forgiveness, disability discharge, or death discharge.

## Factual Allegations Related to both Defendants

17. Though Lloyd is young, having completed school just a few years ago, her current income is not enough to afford the $160,000 in private loans held by the defendants.

18. Lloyd cannot afford the current minimum payments of $1,600 a month.

19. While it is likely that Lloyd may eventually earn enough to pay the minimum, these loans will default long before that time comes.

20. Once these loans default, the Defendants will have the ability to sue and levy whatever Pennsylvania law allows for post judgment remedies.

21. Were these loans Federal, Lloyd would be entitled to a much more affordable payment based on her income, that being between $50 to $200 a month depending on which Federal payment plan she chooses.

22. Lloyd has reduced her living expenses as best possible, yet still cannot afford the $1,600 a month payment.

23. Lloyd has attempted to raise her income with a second part-time job, but as she is young and newly graduated, there is only so much she can do to earn enough money to pay the $1,600 minimum.

24. It should also be noted that the 12% interest rate makes it extremely difficult to pay down the principal.

25. These loans do not offer the ability to cure a default, which means, if Lloyd does not find a way to maintain the $1,600 minimum monthly payment, she faces a lifetime of financial challenges before her 30th birthday.

26. A review of the bankruptcy schedules show that after all expense are paid, Lloyd does not have enough to pay either defendant their minimum, never mind paying both of them.

27. It should also be noted that the schedules do not include a payment for Federal loans, which will be at least $50 a month.

28. Only through a miraculous hopscotch of finances and payments can Lloyd hope to continue the balancing act of private student loan payments.

29. Without bankruptcy intervention, Lloyd is certain to fall from the financial tightrope, with no safety net on the ground.

**Claim for Relief: Undue Hardship Discharge**

30. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The repayment of private student loans made to Lloyd would be an undue hardship to her.

32. As a result, Lloyd's private student loan obligations should be discharged pursuant to Bankruptcy code section 523(a)(8).

    WHEREFORE, the Debtor demands judgment declaring that her private student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated April 15, 2024

                                Respectfully Submitted,
                                KERRY ELIZABTH LLOYD
                                By his attorney,

/s/Joshua RI Cohen
Joshua RI Cohen
Cohen Consumer Law, PLLC
PO Box 1040
St. Albans, VT 05478
Tel: 802-380-8887
Fax: 860-233-0339
jcohen@thestudentloanlawyer.com
